***********
The undersigned have reviewed the submissions of both parties. The Full Commission hereby incorporates its previous Opinion and Award as if fully set out herein and amends it as follows.
 *********** EVIDENTIARY RULING
The newly submitted medical records of Dr. Laura Fleck documenting plaintiff's August 14, 2003 visit, plaintiff's Employment Security Commission records, and plaintiff's deposition and exhibits taken on September 22, 2003 are a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Between August 9, 2001 and May 3, 2003, plaintiff was employed by McDonald's and Hardee's for various intervals satisfying his duty to make a good faith effort to seek appropriate employment following his release to return to light duty work. Plaintiff's job duties in these positions were within the work restrictions provided by Dr. James Hoski on June 27, 2001 and included grilling and cooking duties, front counter and customer service, and maintenance. Plaintiff's work hours were usually between three and four hours per day due to plaintiff's back pain. Plaintiff formerly served as a volunteer fireman, but is no longer able to do so due to his physical condition.
2. Plaintiff last worked at McDonald's on May 3, 2003. Plaintiff testified that he was no longer able to perform his job, even for his usual short work shifts of three to four hours, due to increased pain he incurred while trying to perform his work. Furthermore, plaintiff testified his increasing pain level has greatly decreased his ability to walk continuously for more than thirty minutes or perform housework. Plaintiff also testified that he has attempted to find other work since May 3, 2003, but has been unsuccessful due to his permanent work restrictions and physical condition.
3. Plaintiff has received no medical treatment or medication since June 2001 for his compensable back injury due to defendant-carrier's lack of authorization other than a visit to treating physician Dr. Laura Fleck on August 14, 2003. Plaintiff presented to Dr. Fleck with complaints of increasing lower back and leg pain including intermittent shooting pain extending to the left gluteus, down the posterior thigh and calf, to the foot. Plaintiff also reported numbness and paresthesias extending to the first and second toe of his left foot. Plaintiff stated to Dr. Fleck that his pain increases with prolonged periods of sitting, flexing forward, twisting, and lifting.
5. Dr. Fleck's examination of plaintiff at his August 14, 2003 visit yielded findings of various lumbar range of motion abnormalities and left sided L5-S1 radiculalgia likely secondary to a disc. Dr. Fleck recommended plaintiff undergo EMG/NCV testing of his left leg and lumbar back MRI and prescribed Ultram and a Medrol dosepak. Dr. Fleck also provided plaintiff with updated work restrictions of no lifting over twenty pounds, no excessive bending, no lifting below the knee or above the shoulder, no climbing, avoidance of stairs, avoid kneeling or squatting, no prolonged sitting, and no driving as a part of his job duties.
6. Plaintiff unsuccessfully attempted to return to work following his August 9, 2001 release until May 3, 2003; however, plaintiff retained some wage earning capacity during this time demonstrated by his employment since that date. Plaintiff currently has some wage earning capacity within Dr. Fleck's revised work restrictions and is a good candidate for vocational rehabilitation based upon his age, education, and work experience.
7. Plaintiff has not yet reached maximum medical improvement for his compensable back injury and would benefit from further medical treatment.
8. Plaintiff was partially disabled beginning August 9, 2001 and continuing until May 3, 2003 due to his work restrictions and ongoing physical condition including debilitating lower back pain that increased when he attempted to perform his job duties.
9. Plaintiff has made a sufficient good faith effort to locate employment taking into account his work restrictions and ongoing back pain since May 4, 2003; however, as plaintiff has been unsuccessful in finding appropriate employment, he has been totally disabled since May 4, 2003 and continuing.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff has met his burden of showing that from August 9, 2001 until May 3, 2003 that he was able to earn only a partial amount of the wages he was earning at the time of his compensable injury in the same or any other employment; therefore, plaintiff is entitled to receive temporary partial disability compensation beginning August 9, 2001 and continuing until May 3, 2003. N.C.G.S. § 97-30.
2. Plaintiff has met his burden of showing that from May 4, 2003 and continuing that he has been unable to earn the same or partial wages that he was earning at the time of his compensable injury in the same or any other employment; therefore, plaintiff is entitled to receive temporary total disability compensation beginning May 4, 2003 and continuing. N.C.G.S. § 97-29.
3. Defendants are entitled to a credit for unemployment benefits received by plaintiff between September 8, 2000 and March 18, 2001 in the amount of $3,792.00. N.C.G.S. § 97-42.
4. Plaintiff's attorney is entitled to a reasonable attorney's fee in the amount of twenty-five percent (25%) of the benefits awarded to plaintiff. N.C.G.S. § 97-90.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission amends the prior Award to plaintiff as follows:
 AWARD
1. Subject to a credit for unemployment benefits and the attorney's fee approved below, defendants shall pay plaintiff temporary partial disability compensation in an amount equal to two-thirds of the difference between plaintiff's actual wages earned between August 9, 2001 and May 3, 2003 and his pre-injury average weekly wage of $291.61.
2. Defendants shall pay plaintiff temporary total disability compensation in the amount of $194.42 per week beginning May 4, 2003 and continuing until further Order of the Commission.
3. Defendants shall provide plaintiff with vocational rehabilitation services and plaintiff is hereby ORDERED to participate in the same.
4. Defendants shall pay plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff which shall be deducted from the lump sum due plaintiff and paid directly to his counsel. Thereafter, plaintiff's counsel shall receive every fourth check.
This the ___ day of October 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER